RICE & HUTCHINS ST. LOUIS SHOE COMPANY, Appellant, v. L. ORANSKY & SONS et al., Appellees.

**SALES:** Mutual Agreement to Rescind after Loss of Right. A re-
1  turn of goods to the seller, at a time when the buyer has, by his delay or other conduct, *wholly forfeited* his right to rescind, followed by a mutual agreement that the seller may take the goods from the carrier for examination, and that the seller will accept the return of the goods in case they are defective, constitutes a valid rescission by agreement, when it further conclusively appears that the goods were defective, as claimed by the buyer.

**SALES:** Refusal to Accept Return—Retention by Buyer. A buyer
2  who has properly rescinded by returning the goods to the seller may, upon the return of the goods by the seller, hold said goods subject to the orders of the seller.

*Appeal from Polk District Court.*—C. A. DUDLEY, Judge.

MARCH 12, 1918.

REHEARING DENIED JUNE 27, 1918.

ACTION on account for merchandise. Verdict by direction of the court for a part only of plaintiff's demand. Plaintiff appeals.—*Affirmed.*

*George Wambach,* for appellant.

*Parsons & Mills,* for appellees.

STEVENS, J.—Defendant purchased a quantity of shoes of plaintiff in December, 1914, which were delivered in February, 1915. Upon receipt, defendant removed the shoes from

the packing cases, placed its stock numbers

1. SALES: mutual agreement to rescind after loss of right.

on the soles thereof, and placed them in stock, ready for sale. Sales were made in April, May, and June, of fifty pairs, in all. The shoes proved unsatisfactory, and defendant claims they were defective in workmanship in several particulars. The invoice price of the shoes was paid shortly after their receipt by defendant, and about the 12th of June, the portion of the shoes then on hand was returned to plaintiff,—defendant, at the same time, advising plaintiff of the defective condition of the shoes and of the return thereof. Later, they were re-shipped to defendant, and have since been stored in its ware-house. Later, defendant purchased another bill of shoes of plaintiff, and this action is on the account therefor. De-fendant pleaded rescission of the former contract of sale, and demanded credit on the account in suit for the value of the goods returned.

I. Appellant argues that the attempted rescission of the defendant cannot avail him as an offset to plaintiff's claim, for the reason that, upon receipt of the shoes, defendant re-moved the same from the boxes, marked them upon the soles with its stock number, placed them in stock, retained them for an unreasonable time after the alleged defects were dis-covered, and did not return or offer to return all of the shoes purchased, or to place plaintiff *in statu quo;* that no claim is made that the shoes were warranted, or that the sale was accomplished by fraud.

Whatever merit the contention here made might have generally in cases of rescission, it is not controlling under the facts in this case. It is immaterial, under the evidence, whether defendant had the right, at the time the shoes were returned, to rescind the sale or not. Rescission can always be effected by agreement of the parties. The duty to return, or offer to return, the goods within a reasonable time after the fraud or breach of warranty is discovered, and to place

the seller *in statu quo,* is for his benefit, and may be waived. On the day the shoes were returned, defendant wrote plaintiffs a letter, advising them that the shoes were being returned for the reason that same were defective in several particulars mentioned, and asking reimbursement of the purchase price. Enclosed with the letter was an itemized statement of the shoes returned, from which it clearly appeared that only a part of those purchased were included. Plaintiff, in answer to this letter, wrote defendant as follows:

"If you will write us a letter advising us that we are privileged to examine these shoes, and, if we do not find them as you represent them, that we are privileged to return them to you, we will be very glad to take them in from the depot. If the shoes are wrong, we shall very cheerfully acknowledge it, and give you proper credit."

Defendant granted plaintiff's request to remove the goods for the purpose of examination. It is admitted by plaintiff, in its reply to defendant's answer, that the goods were taken from the carrier and examined; but it is averred that they were not in the condition represented by defendant in its letter referred to above. The evidence, however, offered by defendant leaves no doubt that the shoes were defective in substantially all the particulars represented.

No objection to defendant's failure to return all of the goods, or to do so at an earlier date, was offered by plaintiffs; and they specifically agreed, in consideration of the privilege of removing same from the possession of the carrier for the purpose of examination, to credit defendant therefor if the shoes were found to be as represented by defendant in its letter. This arrangement necessarily waived any right to insist upon a prompt return of the goods, or that plaintiff be placed *in statu quo.* The privilege of examining the goods was solicited by plaintiff, and obtained upon its representation that, if the shoes were in the condition stated in defendant's letter, credit would be given therefor.

Defendant, apparently, was a customer of plaintiff's, and had bought shoes before, and also after, the lot in question. No evidence was offered on the part of plaintiff tending to show that the shoes were not as represented by defendant in its letter of June 12th, and the undisputed evidence is that they were defective in the particulars therein pointed out, as well as in other respects. It is significant, in this connection, that plaintiff returned the goods to the defendant without formally advising of its action, or of the results of its examination, although defendant thereafter sought to be informed whether plaintiff had examined the goods, and why same were returned. Defendant's requests for information were ignored, and demand was made for the payment of the account in suit.

At the close of defendant's evidence, counsel for plaintiff moved the court to direct a verdict in its favor for the full amount asked. The motion was overruled. Counsel then refused to proceed further with the trial of the case, and elected to stand upon the motion. Thereupon, the jury was directed to return a verdict for the plaintiff for $50.35. Proper exceptions were preserved by counsel for plaintiff to the court's ruling upon the motion for verdict, its direction to the jury, and to the judgment entered.

Plaintiff was not entitled to a verdict by direction of the court for the amount claimed. The agreement to credit defendant with the goods returned, if, upon examination, they were found to be in the condition represented by defendant in its letter advising that the shoes had been returned, was binding upon plaintiff. Defendant had the right to assume, when privilege of examining the shoes was granted, that plaintiff's request therefor was in good faith. It is true, plaintiff averred in its reply that the shoes were not as represented in defendant's letter, but it offered no evidence in support thereof. The record as it stood at the close of defendant's evidence, conclusively showed the defective con-

dition of the shoes. Upon this state of the record, defendant was entitled to credit for the amount allowed by the court, and the judgment rendered in plaintiff's favor was for the correct sum.

The contention of counsel for plaintiff that, because defendants retained the shoes after they were returned by plaintiff, and bought others, they are estopped to insist upon the claimed rescission, is not persuasive.

**2. SALES: refusal to accept return: retention by buyer.**

The defendant notified plaintiff that the goods were held subject to its order. It was not necessary for it to again ship them to plaintiff, or to refrain from purchasing other goods. Defendant waived no right in doing so, and no estoppel was created thereby.

No ground for reversal appearing, the judgment of the lower court is—*Affirmed*.

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.